KNOLL, Judge.
Plaintiffs, Bessie Svebek, Eugene Sve-bek, Carl Svebek, Jr., Mickey S. Creed, and Caroline S. Sessions, appeal the dismissal of their legal malpractice claim against Dan Melichar and Camille F. Gravel, Jr. (hereafter defendants) on an exception of prescription.
Plaintiffs sued defendants on August 20, 1984, contending they hired defendants to represent them in the succession of Carl Svebek, Sr. Because of defendants’ failure to investigate donations made by the decedent to children of his first marriage, plaintiffs, the children of decedent’s second marriage, lost their right to demand collation. Plaintiffs alleged they became aware of the judgment of possession after appeal delays from the January 2, 1979, judgment ran. In response to plaintiffs’ malpractice claim, defendants interposed an exception of prescription, alleging that since they never guaranteed plaintiffs a specific result regarding the succession, plaintiffs’ action, filed more than one year after they became aware of the judgment closing the succession, was barred. Ruling on defendants’ exception, the trial court found that plaintiffs’ cause of action lay in tort and therefore the one year prescriptive period was applicable; accordingly, since plaintiffs’ claim was filed in excess of one year after the date plaintiffs became aware of the defendants’ alleged negligence, the trial court dismissed plaintiffs’ claim. On appeal plaintiffs argue that their legal malpractice claim was governed by the prescriptive period of ten years. We affirm.
Louisiana’s First, Second, Third, and Fourth Circuits have now adopted the holding that a claim for legal malpractice is either a tort claim governed by a one year prescriptive period or a contract claim governed by a ten year prescriptive period. See Elzy v. ABC Ins. Co., 472 So.2d 205 (La.App. 4th Cir.1985), writ denied, 475 So.2d 361 (La.1985); Rayne State Bank v. Nat. Union Fire Ins. Co., 469 So.2d 409 (La.App.3rd Cir.1985), affirmed in part and reversed in part on other grounds, 483 So.2d 987 (La.1986); Knighten v. Knighten, 447 So.2d 534 (La.App.2nd Cir.1984), writ denied, 448 So.2d 1303 (La.1984); and Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.1983).
In Rayne State Bank, supra, we stated: “We realize that our decision to adopt the holding of Cherokee Restaurant, is inconsistent with this Court’s holding in Wingate v. National Union Fire Insurance Company, [435 So.2d 594 (La.App. 3rd Cir.1983, writ denied, 440 So.2d 762 (La.1983) ], however, we are convinced that the reasoning and holding of Cherokee Restaurant is the better and more modern method of determining whether a legal malpractice case sounds in tort or contract and which prescriptive period should apply. We are particularly persuaded that the Cherokee Restaurant rationale is the better view in light of the fact that legal malpractice has traditionally been treated as an action ex delicto. ”
The case sub judice involves allegations that the attorneys failed to investigate, advise, or obtain consent; the attorneys did, however, handle the succession and bring it to it's fruition with the granting of a judgment of possession in 1979. When plaintiffs learned of the judgment of possession, they knew that the defendants had not taken steps to have the children of decedent’s first marriage account for the donations decedent had made to them. Accordingly, plaintiffs’ allegations constitute claims in tort, and are clearly barred by the one year period of prescription.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of *304 these proceedings are assessed against appellants.
AFFIRMED.